**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DAVID ANTHONY MARTIN,** | § | |
| **TDCJ No. 02125617,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-20-CA-1367-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner David Anthony Martin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 3) and supplemental memorandum in support (ECF No. 4), Respondent Bobby Lumpkin's Answer (ECF No. 11), and Petitioner's Reply (ECF No. 16) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I.  Procedural History**

In June 2016, a Comal County grand jury indicted Petitioner on eight criminal counts: one count of aggravated kidnapping, three counts of aggravated assault with a deadly weapon, one count of possession of a controlled substance, and three counts of tampering with physical evidence. (ECF Nos. 14-2 at 21; 14-3 at 1-4). The trial court entered a judgment of acquittal as to one of the aggravated assault offenses (count 4), but a jury convicted Petitioner of the seven remaining offenses. *State v. Martin*, No. CR2016-402 (207th Dist. Ct., Comal Cnty., Tex. Mar.

9, 2017); (ECF Nos. 14-8; 14-9 at 1-7).   Petitioner elected to have the trial judge assess punishment who, after a separate punishment hearing, imposed the following sentences: (1) sixty years of imprisonment for the aggravated kidnapping offense, (2) fifty years of imprisonment for each of the aggravated assault offenses, and (3) twenty-five years of imprisonment for the possession offense and each of the tampering offenses.   *Id*.   These sentences are all to run concurrently.

On direct appeal, the Texas Seventh Court of Appeals reformed six of the seven judgments for clerical errors and then affirmed the reformed judgments in an unpublished opinion.   *Martin v. State*, No. 07-17-00145-CR, 2018 WL 6426438 (Tex. App.—Amarillo, Dec. 6, 2018, pet. ref'd); (ECF No. 14-13).   The Texas Court of Criminal Appeals then refused his petition for discretionary review.   *Martin v. State*, No. 1413-18 (Tex. Crim. App. May 1, 2019); (ECF No. 14-1).   Several months later Petitioner filed a state habeas corpus application challenging the constitutionality of his state court convictions, but the Texas Court of Criminal Appeals eventually denied the application without written order.   *Ex parte Martin*, No. 91,046-01 (Tex. Crim. App.); (ECF Nos. 13-12; 13-27 at 6-23).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on November 17, 2020.   (ECF No. 3).   In the petition and accompanying memorandum in support (ECF No. 4), Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) his trial counsel rendered ineffective assistance by failing to object to prosecutorial misconduct, raise a double jeopardy argument, or call the lead detective as a witness, (2) the trial court violated his rights to confrontation and a fair trial, and (3) his appellate counsel rendered ineffective assistance by failing to raises these issues on direct appeal.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas

relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

### A.    Trial Counsel (Claim 1).

Petitioner first claims he was denied the right to effective assistance of trial counsel. Specifically, Petitioner claims that his trial counsel: (1) failed to object to prosecutorial misconduct, (2) failed to object to a double jeopardy violation, and (3) failed to call the lead detective on the case, Detective Richard Groff, as a witness.  Each of these allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  As discussed below, Petitioner fails to demonstrate the state court's rejection of these allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

#### 1.    The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

4

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

2.    <u>False Testimony</u>

Petitioner contends that his trial counsel rendered ineffective assistance by failing to object to prosecutorial misconduct.  According to Petitioner, Officer Todd Henriksen, a witness for the prosecution, testified falsely that he witnessed Petitioner attempting to bury evidence under a pile of leaves prior to being apprehended, and the prosecution repeated this allegedly false testimony during closing arguments.  Petitioner contends counsel was ineffective for failing to object to this false testimony—which was the only evidence presented by the State that supported the tampering with evidence charges—as well as the State's subsequent closing argument regarding the same.

Petitioner raised this allegation during his state habeas proceedings.  In response, trial counsel Tim Molina submitted an affidavit explaining his strategic decision not to object to the testimony and closing argument:

> [Petitioner], in his own facts supporting Ground 4, argues that I was able to cross-examine the State's witness, Officer Henriksen, and expose that his testimony on direct examination was contradicted by reports, photos, etc. . . . The contradictions were fleshed out in a thorough cross-examination, and the State tried to clean up the discrepancies on re-direct.  Ultimately the issue was effectively cross-examined upon, and the contradictions in evidence had been put before the jury in an effective manner.

> [Petitioner] is arguing that a rebuttal closing argument made by counsel for the State, where the State was conceding that the defense argument was correct, should have been objected to.  The State was, in its non-evidentiary closing argument, conceding to a defensive point and attempting to argue alternative explanations.  The jury was aware that statements of counsel are not evidence.  There was no defensive strategy in objecting to a closing argument that was conceding the point that the defense was arguing.

(ECF No. 13-28 at 55-56).

The state habeas trial court found trial counsel's affidavit to be credible and concluded that Petitioner failed to prove that counsel was ineffective under the *Strickland* standard.  (ECF No. 13-28 at 69-70).  These findings and conclusions were adopted by the Texas Court of

Criminal Appeals when it denied Petitioner's state habeas application.  (ECF No. 13-12).  These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record.  *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner fails to show that the state court's ruling on trial counsel's performance was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record.  To start, Petitioner has not established that Officer Henriksen submitted false testimony to which counsel could have objected.  Petitioner correctly observes that a criminal defendant is denied due process when the State knowingly uses perjured testimony or allows false testimony to go uncorrected at trial. *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  But "[c]onflicting or inconsistent testimony is insufficient to establish perjury."  *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (finding that contradictory testimony "merely establishes a credibility question for the jury.").  Here, the record shows only that a discrepancy existed between Officer Henriksen's testimony and the photographs that he took of the scene. (ECF No. 13-5 at 85-86, 107-08).  This inconsistency created a fact issue to be resolved by jury. It does not show Officer Henriksen testified falsely about witnessing Petitioner attempt to hide evidence or that the prosecution knew the testimony was false and failed to correct it.

Furthermore, the record supports trial counsel's assertion that the contradictions in Officer Henriksen's testimony were effectively cross-examined and placed before the jury.  *See* ECF No. 13-5 at 86 ("So the 'buried in the leaves' testimony or the questioning by the State about the hidden items, they weren't buried under leaves?").  To the extent Petitioner contends counsel should have objected further, counsel cannot reasonably be faulted for failing to object

to admissible testimony.  *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012).  Indeed, counsel cannot be considered deficient or prejudicial for failing to raise a futile or non-meritorious argument.  *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections).

Finally, Petitioner contends trial counsel should have objected to the prosecution's reiteration of Officer Henriksen's testimony during closing argument.  But decisions to object or not object during closing argument are matters of trial strategy that are presumed reasonable under *Strickland*.  *See Clark v. Thaler*, 673 F.3d 410, 427 (5th Cir. 2012) (recognizing the broad deference to which counsel is entitled in making tactical decisions in closing argument) (citing *Yarbrough v. Gentry*, 540 U.S. 1, 5-6 (2003)).  As counsel explained in his affidavit to the state habeas trial court, he chose not to object but to instead expose the discrepancy in testimony during his rebuttal, which the State eventually conceded.  Petitioner has not established that this strategic decision was unreasonable, much less that he was prejudiced as a result.  *See Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (emphasizing that counsel has "wide latitude in deciding how best to represent a client").

Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to relief on his IATC claim.  Relief is denied.

3.    Double Jeopardy

Petitioner next faults trial counsel for failing to object to a double jeopardy violation. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same

offense after conviction, and (3) multiple punishments for the same offense.  *United States v. Dixon*, 509 U.S. 688, 695-96 (1993).  In the multiple-punishment context, the Double Jeopardy Clause protects only against the imposition of multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997).

Here, Petitioner contends he is being subjected to multiple punishments for the same offense due to the fact that counts two and three of his indictment—both alleging aggravated assault with a deadly weapon—allege the same offense.  According to Petitioner, both counts are not separate and distinct offenses, but rather are "identical" because they are the product of a continuous criminal episode against the same victim.  However, convictions for multiple assaults that take place within the same criminal episode or transaction do not violate double jeopardy principles.  *Ex parte Milner*, 394 S.W.3d 502, 513 (Tex. Crim. App. 2013); *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).  If two different attacks occur, even if close in time, a defendant may be charged with two separate assaults.  *Urtado v. State*, 333 S.W.3d 418, 424 (Tex. App.—Austin 2011, pet. ref'd) (finding no double jeopardy violation because the two assaults, while close in time and against the same victim, were separate events that could form the basis of an assault charge on their own).

The record demonstrates that Petitioner's conviction on count two was based on an assault which took place in the victim's car while his conviction on count three was based on an assault which took place later at the victim's apartment.  (ECF Nos. 13-5 at 168-74; 13-6 at 123-24).  Thus, no double jeopardy violation occurred because two separate and distinct offenses occurred.  As a result, any objection made by counsel on such grounds would have been futile, and "counsel is not required to make futile motions or objections."  *Koch*, 907 F.2d at 527; *see also Roberts*, 681 F.3d at 612 (finding "the failure to lodge futile objections does not qualify as

ineffective assistance").   Because the state habeas court's denial of this claim was therefore reasonable, federal habeas relief is unavailable.

4.   <u>Detective Groff</u>

In his final IATC claim, Petitioner contends trial counsel should have called Detective Richard Groff as a witness.  Petitioner argues that, as the lead detective on this case, Detective Groff could have testified about his knowledge of the victim to show her propensity for criminal behavior and reputation for untruthfulness.

Petitioner raised this exact allegation during his state habeas proceedings.   In response, counsel submitted an affidavit addressing Petitioner's allegation:

> There was no justifiable reason to call Detective Groff as a defense witness.  In fact, it was never part of the defensive strategy.  Detective Groff would only have been able to testify to hearsay evidence, whether it was what [Petitioner] told him or what another source told him (which would have been objected to).  Detective Groff was not, and never was, on [Petitioner]'s side and [Petitioner] knew that. At no point in the trial did [Petitioner] question why we did not call Detective Groff, and he was aware of every strategic decision going into said trial.  The same goes for any law-enforcement witness.

(ECF No. 13-28 at 56-57).

Again, the state habeas trial court found trial counsels' affidavit credible and concluded that Petitioner failed to prove that counsel was ineffective under the *Strickland* standard.  (ECF No. 13-28 at 69-70).   These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application.  (ECF No. 13-12).

Petitioner fails to show that the state court's ruling was contrary to, or involved an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record.  To start, complaints of uncalled witnesses are not favored as a means of demonstrating ineffective assistance of counsel because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would

have testified are largely speculative.  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).  To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense.  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007).

Here, Petitioner laments that the jury never heard Detective Groff concerning the victim's alleged propensity for violence and untruthfulness.  But even assuming Detective Groff was available and willing to testify, Petitioner has brought forth no evidence that Detective Groff would have provided this sort of testimony or that it would have been favorable to his defense.  *Evans*, 285 F.3d at 377 (providing petitioner must "bring forth" evidence, such as affidavits, from uncalled witnesses, including expert witnesses, in support of an IATC claim).   For this reason alone, Petitioner has not shown counsel's performance was deficient under *Strickland*.

Regardless, trial counsel's affidavit—adopted by the state habeas court and ultimately by the Texas Court of Criminal Appeals—explained counsel's belief that there was "no justifiable reason" to call Detective Groff—or any law enforcement agent—as a defense witness.  Petitioner has not pointed to any evidence rebutting counsel's assertion, much less demonstrated that the state court's ruling on trial counsel's strategy "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.  Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim.  Federal habeas corpus relief is therefore denied.

**B.    The Trial Court's Rulings (Claim 2).**

Petitioner next contends that the trial court erred by (1) denying his request to cross-examine the victim regarding pending criminal charges against her, and (2) allowing the admission of evidence concerning his alleged gang affiliations and prior offenses.  Both claims were raised and rejected during Petitioner's state habeas proceedings.  As discussed below, Petitioner fails to demonstrate the state court's rejection of the claims was contrary to, or an unreasonable application of, Supreme Court precedent.

1.    Cross-Examination

Petitioner alleges his Sixth Amendment right of confrontation was violated when the trial court did not allow him to cross-examine the victim with evidence showing she had been charged with tampering with evidence in another county.  The right to confront and cross-examine witnesses "is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 (1965). "It is axiomatic that defense counsel should be permitted to expose to the jury facts relative to a witness' possible motivation to testify favorably for the prosecution or his potential bias for or against any party to the criminal proceeding." *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000).  However, the right of cross-examination is not unlimited, and trial judges retain the discretion to impose reasonable limits on cross-examination consistent with the applicable rules of evidence for questioning that is only marginally relevant.  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *Boyer v. Vannoy*, 863 F.3d 428, 448-49 (5th Cir. 2017) (citations omitted); *see also United States v. Love*, 599 F.2d 107, 108 (5th Cir. 1979) (finding the trial court has broad discretion in determining how and why bias may be proved).

The standard of review that the Supreme Court set forth in *Brecht v. Abrahamson,* 507 U.S. 619, 638 (1993), governs federal habeas review of constitutional errors that occur during a state trial. *Fry v. Pliler,* 551 U.S. 112, 121-22 (2007); *Burbank v. Cain,* 535 F.3d 350, 358 (5th Cir. 2008). Assuming that a state trial court has committed a constitutional error in denying cross-examination, this Court must ask whether the trial court's erroneous decision had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 623; *Barrientes v. Johnson,* 221 F.3d 741, 756 (5th Cir. 2000). Under this standard, a petitioner may obtain habeas relief only if there is "more than a mere reasonable possibility that [the error] contributed to the verdict." *Burbank,* 535 F.3d at 358 (citations omitted).

In this case, Petitioner has failed to demonstrate that the trial court erred or that the alleged error rendered his trial fundamentally unfair. As explained by the state trial court, Petitioner failed to demonstrate how the victim's arrest in a neighboring county was relevant to show that she had a motive to testify falsely in the instant trial. (ECF No. 13-5 at 118-23). Indeed, the record is bereft of any indication that the victim's arrest for tampering with evidence somehow motivated her to maintain that the numerous offenses against her occurred.

Regardless, even if the trial court erred in denying evidence concerning the tampering arrest, Petitioner fails to demonstrate that the ruling had a "substantial and injurious effect" on the verdict. While Petitioner was not allowed to introduce evidence of an arrest in a neighboring county, the defense *was* allowed to introduce evidence that the victim had been arrested, charged, and was currently incarcerated on a state-jail felony charge in Comal County. (ECF No. 13-5 at 191-93). The State even admitted as much during their closing argument. (ECF No. 13-6 at 158). As such, Petitioner has not shown that the state court's resolution of this issue

was contrary to, or was an unreasonable application of, clearly established federal law as determined by the Supreme Court, and he is not entitled to relief on this ground.

    2.    <u>Admission of Evidence</u>

Petitioner also contends the trial court erred by allowing the admission of evidence concerning his alleged gang affiliation and prior convictions.  Petitioner's claim essentially argues the state trial court erred in applying the state law concerning the admission of "crimes, wrongs, or other acts" under Section 4.04(b) of the Texas Rules of Evidence.  But such claims are not cognizable in a federal habeas corpus proceeding, and this Court must defer to the state-court determination of Texas law.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable).

Regardless, a federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair.  *Brown v. Epps*, 686 F.3d 281, 286 n.20 (5th Cir. 2012).  The challenged evidence must be a crucial, critical, or highly significant factor in the context of the entire case.  *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011); *Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999).  The test to determine whether a trial error makes a trial "fundamentally unfair" is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted.  *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir. 2005).

Petitioner does not make this showing.  To the contrary, the record indicates an overwhelming amount of evidence establishing the elements of each of the offenses for which

Petitioner was convicted that had nothing to do with Petitioner's gang affiliation, including the testimony of the victim as well as that of the investigating officers.  Further, it was Petitioner, and not the prosecution, who first introduced evidence that Petitioner had served time in prison for a previous offense.  (ECF No. 13-6 at 40-41).  Thus, having reviewed the entire record from Petitioner's trial, the Court concludes the admission of testimony concerning Petitioner's gang affiliation and prior convictions did not render Petitioner's trial fundamentally unfair.

As such, Petitioner has not shown that the state court's resolution of this issue was contrary to, or was an unreasonable application of, clearly established federal law as determined by the Supreme Court, and he is not entitled to relief on this ground.

## C.    <u>Appellate Counsel</u> (Claim 3).

In his final allegation, Petitioner contends he received ineffective assistance of counsel during his direct appeal proceedings.  A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  The familiar standard set out in *Strickland* to prove that counsel rendered unconstitutionally ineffective assistance applies equally to both trial and appellate attorneys.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).  Thus, to obtain relief, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different.  *See Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015).  He does neither.

Petitioner contends appellate counsel was ineffective for failing to raise a double jeopardy argument, as well as challenge the trial court's violation of his right to confrontation and erroneous admission of extraneous offense evidence. As discussed above, however, none of these allegations have merit. And appellate counsel is not required to raise every possible non-frivolous claim on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

Because none of the claims Petitioner contends should have been raised are meritorious, appellate counsel was not deficient for failing to raise them. For the same reason, there is no likelihood Petitioner would have obtained relief had they been raised on direct appeal, and therefore no prejudice was caused by appellate counsel's failure to raise them. Petitioner's allegation concerning appellate counsel was rejected by the state court during his state habeas proceedings, and Petitioner has not shown this rejection on the merits to be contrary to, or an unreasonable application of, the *Strickland* standard. *Richter*, 562 U.S. at 101. Federal habeas relief is therefore denied.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing Section 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the

16

constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V.  Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   Federal habeas corpus relief is **DENIED** and Petitioner David Anthony Martin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 3) is **DISMISSED WITH PREJUDICE**;

2.   No Certificate of Appealability shall issue in this case; and

3.   All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED this the 27th day of June, 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

17